# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 2:08-cr-00064-RLH-GWF |
| Plaintiff, | **O R D E R** |
| vs. | (Motion for Bail Pending Appeal - #565) |
| STEVE GRIMM,<br>EVE E. MAZZARELLA, and<br>MELISSA R. BEECROFT, | |
| Defendants. | |

Before the Court is Defendant Eve Mazzarella's **Renewed Motion for Bail Pending Appeal** (#565, filed Feb. 3, 2014). For the reasons discussed below, the motion is denied.

## DISCUSSION

**I.     Standard**

18 U.S.C. § 3143(b) provides in relevant part that the Court:

> shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal. . . , be detained, unless the judicial officer finds—
>    (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and

>    (B) that the appeal is not for the purpose of delay and raises a
>    substantial question of law or fact likely to result in—
>       (i) reversal,
>       (ii) an order for a new trial,
>       (iii) a sentence that does not include a term of imprisonment, or
>       (iv) a reduced sentence to a term of imprisonment less than the
>       total of the time already served plus the expected duration of
>       the appeal process.

18 U.S.C. § 3143(b); *see also United States v. Handy*, 761 F.2d 1279, 1283 (9th Cir. 1985).

**II.     Analysis**

    This Court has already denied three motions for new trial, (# 404, 542, 560), and denied Mazzarella's two prior requests for bail pending her appeal. (# 428, 470). The Court sentenced Mazzarella to a term of imprisonment totaling fourteen years, (#439), and she self-surrendered in June 2012. Mazzarella has served only a very short part of her sentence and that sentence is not likely to be reduced beyond the already very favorable sentence imposed.

    The Court needs not address the issue of danger to the community or fear of flight as it has already found Mazzarella poses no threat to the community or of flight. (#428). Therefore, as before, Mazzarella's claims relate to whether there are substantial questions of law or fact upon which the Court erred, that would produce a complete reversal or a new trial. The questions Mazzarella raises are not substantial, nor do they have merit.

    First, Mazzarella argues the "*Brady* and Fourth Amendment issues present substantial questions on appeal." (#565, at 7). The Court disagrees. Although the Court has already discussed in great detail in its second Order denying Mazzarella's Motion for New Trial, why Mazzarella's arguments fail, the Court summarizes them here. In denying the Motion, the Court noted several problems with Defendants' arguments including that the AUSA's statement did not constitute an immunity agreement, that the alleged copying of documents was not done by a government agent but rather a person motivated by her oft repeated desire to "do the right thing," and statements made in an email asking for a job were innocuous and not impeachment evidence.

1  Additionally, the Court held that no prejudice resulted as a result of any alleged non-disclosure
2  because the witnesses' testimonies were corroborated by several other witnesses' testimonies as
3  well as documentary evidence. Further, the Court noted that the copied documents were not in the
4  government's case-in-chief, but even if they had been, as the Defendant's own documents, they
5  were accessible to her for trial preparation. Last, the Court observed that even if the jury had
6  acquitted Defendants on the counts utilizing the allegedly improper evidence, and that even if the
7  outcome were different on those counts, Defendants were convicted on other independent counts,
8  for which concurrently running sentences were imposed. Mazzarella raised a similar argument
9  regarding another individual and another alleged immunity agreement in her third Motion for New
10 Trial. As in the prior Order, the Court held that there was no immunity agreement, and even if
11 there was, that witness' testimony was "not singular or linchpin to the government's case; there
12 was a substantial amount of other evidence from which the jury could reach the same
13 conclusions." (#560, at 5). The Court thoroughly considered these arguments and found that they
14 failed on multiple levels. As such, Mazzarella's Brady and Fourth Amendment allegations do not
15 raise any substantial questions that are "fairly debatable." *Handy*, 761 F.2d at 1283.

16        Mazzarella's second argument is that it "is at least 'fairly debatable' whether the
17 Court erred in rejecting the advice of counsel [jury] instruction." (#565, at 15). Again, the Court
18 disagrees for the reasons the Court stated on the record at the time it rejected the jury instruction.
19 The instruction, even as narrowed by Defense counsel, simply did not take into consideration all
20 the material facts. As Mazzarella concedes, the "scheme charged here had several features that the
21 indictment alleged were illegal." (*Id.* at 16). For those same reasons, this additional argument does
22 not raise any substantial questions that are "fairly debatable."

23        As Mazzarella has not shown the appeal raises a "substantial question" of law or
24 fact that is likely to result in reversal, an order for a new trial, a sentence that does not include a
25 term of imprisonment, or a reduced sentence to a term of imprisonment less than the total of the
26 time already served plus the expected duration of the appeal process, the motion is denied.

AO 72
(Rev. 8/82)

## CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Mazzarella's Renewed Motion for Bail Pending Appeal (#565, filed Feb. 3, 2014) is DENIED.

Dated: February 6, 2014.

_____
**ROGER L. HUNT**
**United States District Judge**