DAYLE ELIESON
United States Attorney
ELIZABETH O. WHITE
Appellate Chief and
Assistant United States Attorney
400 South Virginia, Suite 900
Reno, Nevada 89501
775-784-5438
Elizabeth.O.White@usdoj.gov
*Attorneys for the United States*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**
-oOo-

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:08-CR-64-JCM |
| Plaintiff, | |
| vs. | **Government's Motion for an Order Deeming the Attorney-Client Privilege Waived and for a Revised Briefing Schedule** |
| EVE E. MAZZARELLA, | |
| Defendant. | |

**I. Introduction**

In a motion to vacate her convictions and sentence, Defendant Eve Mazzarella alleges that attorneys Douglas Mitchell and E. Robert Wallach provided constitutionally ineffective assistance. This Court ordered the government to respond to Mazzarella's motion, but to address that specific allegation, the government needs information from Mitchell and Wallach. The government accordingly seeks an order allowing it to obtain that information.

Defendant Eve Mazzarella filed a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. ECF No. 700. In her motion—and

in the 177-page memorandum of law that accompanied her motion, *see* ECF No. 207—Mazzarella accuses her trial attorneys of providing constitutionally ineffective assistance based. *See* ECF No. 700, at 7–16; ECF No. 701, at 76–145. Her motion and memorandum include numerous accusations of deficient performance, including (among many others) 1) that Wallach "steered this case in the disastrous direction of a trial in order to cash in on [the] $250,000 trial fee," ECF No. 701, at 76; 2) that her attorneys grossly misrepresented the possible consequences of convictions, *id.* at 77; 3) that her attorneys did not explain the sentencing guidelines to her, *id.* at 79; 4) that they failed to effectively cross-examine the government's witnesses, *id.* at 82; 5) that they failed to introduce evidence that, Mazzarella claims, would have created reasonable doubt, *id.* at 93; 6) that they "failed to rebut false testimony," *id.* at 97; 7) that they failed to introduce evidence to support an advise-of-counsel instruction, *id.* at 125; and 8) that they failed to request use immunity for a certain witness, *id.* at 132; and 9) that they failed to call Mazzarella to testify. *Id.* at 133.

On October 24, 2018, this Court issued an order directing the government to response to Mazzarella's motion within 21 days, *i.e.*, by November 14, 2018. ECF No. 706.

## II. Points and Authorities

"It has long been the rule in the federal courts that, where a habeas petitioner raises a claim of ineffective assistance of counsel, he waives the attorney-client privilege as to all communications with his allegedly ineffective lawyer." *See Bittaker* v. *Woodford*, 331 F.3d 715, 716 (9th Cir. 2003) (citing *Wharton* v. *Calderon*, 127 F.3d 1201, 1203 (9th Cir. 1997)). "Where a party raises a claim which in fairness requires disclosure of the protected communication, the privilege may be implicitly waived." *United States* v. *Ortland*, 109 F.3d 539, 543 (9th Cir.), *cert. denied*, 522 U.S. 851 (1997) (citations omitted). Mazzarella's motion and memorandum include numerous accounts of conversations she allegedly had

2

with her attorneys and advice they alleged provided, or failed to provide to her. To response to Mazzarella's accusations, the government needs to hear Mitchell's and Wallach's side of the story.

"A reasonable tactical choice based on an adequate inquiry is immune from attack under *Strickland*." *Gerlaugh* v. *Stewart*, 129 F.3d 1027, 1033 (9th Cir. 1997); *see also United States* v. *Quintero-Barraza*, 78 F.3d 1344, 1348 (9th Cir. 1996) (Defense counsel's actions are not considered deficient when made for tactical and strategic reasons that were not "outside the wide range of professionally competent assistance"). Mazzarella's motion and memorandum include numerous complaints about actions her attorneys took, or did not take, at trial. To response to those accusations, the government needs to hear Mitchell's and Wallach's explanations for why they did or did not take those actions, and whether their decision were reasonable tactical or strategic choices.

### III. Conclusion

WHEREFORE, based on the foregoing, the government respectfully requests that the attorney-client privilege in 2:08-CR-64-JCM be deemed waived as to the above-referenced matters, which Mazzarella put at issue in her motion to vacate, set aside, or correct sentence. The government respectfully request that this Court order Mr. Mitchell and Mr. Wallach to provide the government, within 60 days after the date of the Court's order, affidavits or declarations, as well as any relevant materials and information, addressing whether the allegations in Mazzarella's motion and memorandum.[1] The government further requests that it be granted an additional 60 days, after receiving Mr.

---

[1] The government usually asks for an order directing counsel to provide an affidavit or declaration within 30 days, but requests 60 days here in light of the large number of, and level of detail in, the accusations Mazzarella raises against her attorneys, and the expectation that it will take time for her prior attorneys to compile information and draft comprehensive responses to those accusations.

3

Mitchell's and Mr. Wallach's affidavits or declarations, to file its response to Mazzalrella's 2255 motion.

Dated this 5th day of November, 2018

DAYLE ELIESON
United States Attorney


*s/Elizabeth O. White*
ELIZABTH O. WHITE
Appellate Chief and
Assistant United States Attorney

**CERTIFICATE OF SERVICE**

I certify that on November 5, 2018, I electronically filed the foregoing Government's Motion with the Clerk of the Court by using the CM/ECF system.

In addition, I sent a curtesy copy of the foregoing motion via email to Douglass A. Mitchell, Esq., at dmitchell@bsfllp.com; and sent a curtesy copy of the foregoing motion to Robert Wallach via U.S. mail at the following address:

    E. Robert (Bob) Wallach, Esq.
    Attorney at Law
    155 Jackson Street, Suite 602
    San Francisco, CA 94111

Dated: November 5, 2017

*s/ Elizabeth O. White*
ELIZABETH O. WHITE
Appellate Chief and
Assistant United States Attorney

**UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA**

-oOo-

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:08-CR-64-JCM |
| Plaintiff, | |
| vs. | **Order** |
| EVE E. MAZZARELLA, | |
| Defendant. | |

Based upon the pending motion of the government, and good cause appearing,

**IT IS HEREBY ORDERED** that the attorney-client privilege in 2:08-CR-64-JCM between the Defendant, Eve Mazzarella; and attorneys Douglas Mitchell, Esq. and Robert Wallach, Esq., shall be deemed waived for purposes relating to Mazzarella's motion under 28 U.S.C. § 2255 to vacate, set aside or correct her sentence. Mr. Mitchell and Mr. Wallach shall, within 60 days of this order, each provide the government with an affidavit or declaration addressing the allegations of ineffective assistance of counsel raised in Mazzarella's motion. Further, Mr. Mitchell and Mr. Wallach may communicate with government counsel and provide supporting documentation regarding all matters put at issue in Mazzarella's motion.

The government shall have an additional 60 days, after receiving Mr. Mitchell and Mr. Wallach's affidavits or declarations, to file its response to Mazzarella's 2255 motion.

DATED this  2nd  day of  April , 2019

_____
UNITED STATES DISTRICT JUDGE