UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                            Plaintiff,<br>      v.<br>STEVEN GRIMM, *et al*.,<br><br>                            Defendants. | Case No. 2:08-cr-0064-JCM-GWF-2<br><br>ORDER |

       Presently before the court is petitioner Eve Mazzarella's ("petitioner") second motion "for court order for trial counsel's case file." (ECF No. 739).

       Petitioner has initiated a § 2255 action alleging ineffective assistance of trial counsel. (ECF No. 700). Petitioner alleges that her lead trial counsel, Robert Wallach ("Wallach"), "left Las Vegas" following closing arguments in petitioner's criminal trial and was not present for the verdict on December 15, 2011. (ECF No. 739).

       Thereafter, petitioner alleges that she called and emailed Wallach on numerous occasions to request a copy of her case file so that her new counsel could prepare for her sentencing hearing. *Id.* Wallach never produced the file, and petitioner's substitute counsel prepared for her sentencing without the benefit of the case file. *Id.*

       Since then, petitioner and her counsel have consistently attempted to obtain her case file from Wallach to prepare for her § 2255 motion, to no avail. *Id.* Indeed, the California State Bar, where Wallach is licensed to practice, advised Wallach to contact petitioner to make arrangements to transfer the case file. *Id.* Petitioner asserts that, as of the date of the motion, Wallach has not contacted her and has not released the case file. *Id.*

Accordingly, on August 24, 2018, petitioner filed her first motion requesting an order from this court instructing Wallach to turn over petitioner's case file, including "correspondence, work product, important witness files, trial exhibits, CJA billing, expert filed or other important information." (ECF No. 699). The court denied that motion, without prejudice, for petitioner's failure to set forth adequate points and authorities in support of the motion. (ECF No. 732).

Now, petitioner renews her motion, which addresses the relevant authority. (ECF No. 739). Petitioner cites NRS § 7.055, which provides, in relevant part:

> 1. An attorney who has been discharged by his or her client shall, upon demand and payment of the fee due from the client, immediately deliver to the client all papers, documents, pleadings and items of tangible personal property which belong to or were prepared for that client.
> 2. A client who, after demand therefor and payment of the fee due from the client, does not receive from his or her discharged attorney all papers, documents, pleadings and items of tangible personal property may, by a motion filed after at least 5 days' notice to the attorney, obtain an order for the production of his or her papers, documents, pleadings and other property. . .

Nev. Rev. Stat. § 7.055(1)–(2).

The court must deny petitioner's motion a second time, as she has not demonstrated that this motion has been filed "after at least 5 days' notice to the attorney," as required by NRS § 7.055(2). Without satisfying this threshold requirement, the court is unable to grant the relief requested.

Accordingly,

IT IS ORDERED THAT petitioner's motion "for court order for trial counsel's case file" (ECF No. 732) be, and the same hereby is, DENIED without prejudice.

IT IS SO ORDERED.

The clerk is instructed to file this order in this case, and in the related civil action, number 2:18-cv-01887-JCM.

DATED THIS 16th day of July 2019.

                                            JAMES C. MAHAN
                                            UNITED STATES DISTRICT JUDGE