UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:08-CR-64 JCM (GWF) |
| Plaintiff(s), | **ORDER** |
| v. | |
| STEVEN GRIMM, et al., | |
| Defendant(s). | |

Presently before the court is petitioner Eve Mazzarella's ("petitioner") motion for judicial recommendation for legal furlough. (ECF No. 693). The United States of America (the "government") filed a response (ECF No. 695), to which petitioner replied (ECF No. 697).

**I.  Facts**

Petitioner was convicted on 12 counts of mortgage fraud after a trial by jury in December 2011. (ECF No. 693 at 2); (ECF No. 363). On March 30, 2012, District Judge Hunt sentenced petitioner to 14 years per count, to be served concurrently, followed by a term of supervised release. (ECF No. 439).

Following trial, petitioner filed both an appeal of her convictions with the Ninth Circuit and two motions for a new trial with the district court—both of which were denied. (ECF Nos. 528, 555). In April 2015, the Ninth Circuit vacated the court's denials of petitioner's motions for new trial and remanded for discovery and an evidentiary hearing as to the issues raised. (ECF Nos. 603, 609).

After a hearing in December 2015, the court again denied petitioner's motion for a new trial. (ECF No. 656). The Ninth Circuit affirmed the court's order in July 2017. (ECF Nos. 680, 681). Following her appeal, petitioner filed a § 2255 motion to vacate, amend, or correct sentence

"based on issues never previously raised before the court due to dependence on evidence outside the record." (ECF No. 693 at 2).

In conjunction with her § 2255 motion, petitioner has filed the instant motion for legal furlough pursuant to 28 C.F.R. § 570.30 *et seq.* for the purpose of assisting her counsel prepare for and brief the issues related to her motion to vacate, amend, or correct sentence. (ECF No. 693).

**II.    Legal Standard**

18 U.S.C. § 3622 allows for the temporary release of prisoners in the custody of the Federal Bureau of Prisons ("BOP") if such release "appears to be consistent with the public interest and if there is reasonable cause to believe that a prisoner will honor the trust to be imposed in him. . ." 18 U.S.C. § 3622. If the prisoner meets these requirements, he or she may be authorized to "visit a designated place for a period not to exceed thirty days, and then return to the same or another facility, for the purpose of. . . engaging in any other significant activity consistent with the public interest." *Id.*

The two types of furloughs are:

> (a) Transfer furlough --A furlough for the purpose of transferring an inmate from one Bureau facility to another, a non-federal facility, or community confinement (including home confinement) as noted below at § 570.33(a).
> (b) Non-transfer furlough --A furlough for any purpose other than a transfer furlough, and which may be defined based on its nature, as either emergency or routine, as follows:
>     (1) Emergency furlough --A furlough allowing an inmate to address a family crisis or other urgent situation as noted below at § 570.33(b).[1]
>     (2) Routine furlough --A furlough for any of the reasons noted below at § 570.33 (a) and (c) through (j).
> (c) Duration and distance of non-transfer furlough --
>     (1) Day furlough --A furlough within the geographic limits of the commuting area of the institution, which lasts 16 hours or less and ends before midnight.
>     (2) Overnight furlough --A furlough which falls outside the criteria of a day furlough.

C.F.R. § 570.32.

C.F.R. § 570.36 sets forth the eligibility requirements for non-transfer furloughs. *See* C.F.R. § 570.36. Pursuant to this section, if there are "more than 2 years remaining until the

---

[1] C.F.R. § 570.33(b) provides that the "Warden or designee may authorize a furlough, for 30 calendar days or less, for an inmate to: . . . Be present during a crisis in the immediate family, or in other urgent situations. . ." C.F.R. § 570.33(b).

projected release date," then the inmate may be considered for an emergency furlough only. C.F.R. 570.36(b).

### III. Discussion

Petitioner argues that a furlough is necessary to assist her counsel in preparing for her § 2255 motion. (ECF No. 693 at 4). Specifically, petitioner asserts that she is the only person "still involved in her defense" who has been trained to navigate the online database that houses almost 1 million pages of documents that she believes will support her § 2255 motion. *Id.*

Accordingly, petitioner is seeking a 30-day furlough pursuant to C.F.R. § 570.33(h), which allows the BOP to grant an inmate a furlough for the purpose of appearing in or preparing for "a criminal court proceeding, but only when the use of a furlough is requested or recommended by the applicable court or prosecuting attorney. . ." C.F.R. § 570.33(h). Because the prosecuting attorney in petitioner's case refuses to make a recommendation to the BOP in support of petitioner's request, petitioner now moves for a recommendation by the court. (ECF No. 693).

The court finds that petitioner is ineligible for the type of furlough she is requesting. Petitioner was sentenced to 14 years' imprisonment in March of 2012. (ECF No. 439). As such, there are more than two years remaining until her projected release date. C.F.R. § 570.36(b) provides that inmates with more than two years remaining on their sentences are eligible for emergency furloughs only. C.F.R. § 570.36(b).

Under C.F.R. § 570.32, emergency furloughs are defined as "[a] furlough allowing an inmate to address a family crisis or other urgent situation. . ." C.F.R. § 570.32(b)(1). Petitioner's stated reasons for seeking a furlough (assisting with her § 2255 motion) do not fall within the scope of an "emergency furlough" pursuant to C.F.R. § 570.32(b)(1). As the government points out, petitioner's limited ability to assist her counsel in preparing evidence for her § 2255 motion is "common to all incarcerated white collar defendants." (ECF No. 695 at 3).

The court holds that this is not the type of "urgent situation" contemplated under C.F.R. § 570.32(b)(1). Petitioner's motion is denied.

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

**IV. Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that petitioner's motion for judicial recommendation for legal furlough (ECF No. 693) be, and the same hereby is, DENIED.

DATED July 26, 2019.

_____
UNITED STATES DISTRICT JUDGE