1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

UNITED STATES OF AMERICA,

                          Plaintiff(s),

          v.

STEVEN GRIMM, et al.,

                          Defendant(s).

Case No. 2:08-CR-64 JCM (GWF)

**ORDER**

Presently before the court is Eve Mazzarella's ("defendant") motion for compassionate release (ECF No. 778), which was held in abeyance (ECF No. 787).  This court ordered further briefing on defendant's diagnosis.  (*Id.*).  The United States of America ("the government") filed its supplemental brief (ECF No. 794), and defendant responded (ECF No. 797).

Also before the court is the government's motion to seal.  (ECF No. 795).

**I.      Background**

As relevant to this motion, Judge Hunt sentenced defendant to 14 years' incarceration on March 30, 2012, for various charges related to a mortgage fraud scheme.  (ECF Nos. 428; 439).  While defendant has been incarcerated, the novel strain of coronavirus and COVID-19, the resultant respiratory disease, has run rampant.  While the court need not reiterate the well-known effects COVID-19 has had on day-to-day life, certain populations are particularly at risk of "severe illness" from the virus: the elderly, asthmatic, immunodeficient, and people with HIV.  *See* Center for Disease Control, *People Who Are at Higher Risk for Severe Illness,* (May 14, 2020).[1]

───────────────

[1] Available at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html.

James C. Mahan
U.S. District Judge

Defendant moves this court for compassionate release, arguing that her underlying "immunologic conditions" compromise her immune system and make her more susceptible to COVID-19. (ECF No. 778). This court reasoned that it is inclined to release defendant, but only if she is actually diagnosed with Systemic Lupus Erythematous ("lupus"). (ECF No. 787). This court ordered a medical examination of defendant and additional briefing on the matter. (*Id.*). The government filed a status report with medical records on point. (ECF No. 794). Defendant responded. (ECF No. 797).

## II.    Legal Standard

"Even though courts ordinarily have the inherent authority to reconsider its prior orders, such authority does not exist when there is an "express rule to the contrary." *United States v. Barragan-Mendoza*, 174 F.3d 1024, 1028 (9th Cir. 1999). One such contrary rule exists in the sentencing context: "A court generally may not correct or modify a prison sentence once it has been imposed." *United States v. Penna*, 319 F.3d 509, 511 (9th Cir. 2003) (citing 18 U.S.C. § 3582(c)). Thus, the court may modify a sentence only when expressly authorized by statute.

The court is expressly authorized to modify a sentence under the compassionate release provision of 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018). 18 U.S.C. § 3582(c)(1)(A). However, courts may consider compassionate release only "upon motion of the Director of the Bureau of Prisons . . . ." *Id.* If a defendant wants to file such a motion with the court, he must fully exhaust his administrative remedies before doing so. *Id.* Since the enactment of the First Step Act, a defendant may file a compassionate-release motion if his application to the BOP goes unanswered for thirty days. *Id.*

To be eligible for compassionate release, a defendant must demonstrate: (1) the existence of extraordinary and compelling reasons, and (2) that he is not a danger to the community. 18 U.S.C. § 3582(c)(1)(A); USSG § 1B1.13. Under USSG § 1B1.13, "extraordinary and compelling reasons" include, amongst other things, terminal illnesses and medical conditions "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." USSG § 1B1.13.

. . .

James C. Mahan
U.S. District Judge

### III.     Discussion

As an initial matter, the court grants the government's motion to file exhibits under seal. (ECF No. 795).  The exhibits include defendant's private medical records, which are appropriately kept confidential.

Upon examining the record and qualifications of the Bureau of Prison's ("BOP") physician, this court finds no issue with the government's actions in response to this court's prior order.  (ECF No. 787).    This court's intent was for defendant to receive additional examination on her presumptive lupus diagnosis other than the "[t]wo inmates who are medical doctors" brought forth by defendant.  (ECF No. 785).  The defendant disputes the BOP physician's qualification as Doctor of Osteopathic Medicine ("DO") as opposed to Doctor of Medicine ("MD").  (ECF No. 797).  This court disagrees.  DOs are not limited to practice on "the muscular and skeletal systems," as defendant claims.  (ECF No. 797).  DOs are "fully trained and licensed doctors . . . who must complete residency training in their chosen specialties [and] . . . must also pass the same licensing examination [as MDs] before they can treat people and prescribe medications."  Mayo Clinic, *What kind of doctor is a D.O.?* (Feb. 7, 2019).[2]  Indeed, DOs are "licensed to practice the full scope of medicine in all 50 states."  American Association of Colleges of Osteopathic Medicine, *About Osteopathic Medicine*.[3]

The BOP's qualified physician met with and examined defendant specifically to determine whether she had Systemic Lupus Erythematous ("lupus").  (ECF No. 794).  The physician declined to diagnose defendant with lupus based on an assessment of her "symptoms, exam findings, and laboratory testing."  (*Id.*).  This court has reviewed the records under seal and finds no issue with this conclusion.

In light of the foregoing, this court denies defendant's motion.  This court is satisfied with the government's proposed treatment and follow-up appointments for defendant.  Defendant's

---

[2]  Available at https://www.mayoclinic.org/healthy-lifestyle/consumer-health/expert-answers/osteopathic-medicine/faq-20058168.

[3] Available at https://www.aacom.org/become-a-doctor/about-osteopathic-medicine.

James C. Mahan
U.S. District Judge

1    situation does not fall under an "extraordinary and compelling reason" for release.  18 U.S.C. §

2    3582(c)(1)(A); USSG § 1B1.13.

3    **Conclusion**

4       Accordingly,

5       IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant's motion for

6    compassionate release (ECF No. 778) be, and the same hereby is, DENIED.

7       IT IS FURTHER ORDERED that the government's motion to file exhibits under seal (ECF

8    No. 795) be, and the same hereby is, GRANTED.

9       DATED July 6, 2020.

10

11                  UNITED STATES DISTRICT JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**James C. Mahan**
**U.S. District Judge**

- 4 -