UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                           Plaintiff(s),<br><br>     v.<br><br>STEVEN GRIMM, et al.,<br><br>                           Defendant(s). | Case No. 2:08-CR-64 JCM (GWF)<br><br>**ORDER** |

      Presently before the court is the government's unopposed motion for reconsideration of defendant Eve Mazzarella's compassionate release. (ECF No. 811). Upon this court's request, the government supplemented its motion with a response to defendant Mazzarella's initial motion to reconsider, (ECF No. 807): the government does not oppose defendant's rerelease but requests the modification of certain aspects of this court's order granting compassionate release, (ECF No. 813).

      On October 21, 2020, this court found on the merits that defendant's compassionate release was appropriate. (ECF No. 809). Having not received a copy of defendant's motion to reconsider compassionate release because it was filed under seal, (ECF No. 807), the government moved for reconsideration and briefing in the ordinary course. (ECF No. 811). This court held the government's motion in abeyance and requested expedited briefing of the government's response without disturbing the order releasing defendant Mazzarella. (ECF No. 812).

      The government has timely complied with this court's request. (ECF No. 813). In its supplement, the government does not oppose defendant's release but requests two alterations to this court's order. (*Id.*). Due to the time-sensitive nature of defendant's release and this court's

**James C. Mahan**
**U.S. District Judge**

ultimate conclusion allowing defendant's release to proceed, the instant ruling is made without further briefing.

The government requests that this court amend the basis of its finding of "extraordinary and compelling reason warranting compassionate release." (*Id.*). Specifically, "to the extent the Court's order relied on the speculative conclusion of an autoimmune disorder and unreliable 'second opinion' report, the government respectfully requests that the Court modify the order to reflect the only extraordinary and compelling circumstance presented in this context is Mazzarella's BMI." (ECF No. 813). Indeed, defendant's BMI in excess of 30 places her at an increased risk of severe illness of COVID-19. (ECF No. 808); CDC: Coronavirus Disease 2019 (COVID-19) – People with Certain Medical Conditions, available at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-withmedical-conditions.html#obesity (noting that a BMI of 30 "increases your risk of severe illness from COVID-19"). Defendant Mazzarella has never proffered her BMI as a reason for release, but the government acknowledges that here it is an appropriate ground for compassionate release.

This court finds the government's request reasonable but declines to wholly omit the defendant's reports on autoimmune disorder as relevant to this court's analysis. This court is generally disinclined to allow compassionate release solely due to a BMI in slight excess of 30. However, this court will modify its order granting compassionate release, (ECF No. 807), to reflect that the *conjunction* of defendant's BMI and autoimmune disorder guided this court's decision. Furthermore, this court emphasizes that BMI is the primary reason for defendant's release, although defendant's evidence of autoimmune disorder was also persuasive and necessary to this court's finding.

This court also clarifies that the government's interpretation of defendant's term of supervised release is correct: "It was the Court's intention to impose, pursuant to its authority under § 3582(c)(1)(A), a new, additional term of supervised release equal to the length of time left on Mazzarella's sentence (i.e., with a prior projected release date of May 8, 2026, approximately five years and seven months), with a special condition of home confinement (in addition to the conditions of supervision it imposed at sentencing), and that this new term of supervised release

**James C. Mahan**
**U.S. District Judge**

- 2 -

1  is to be followed by the original five-year term of supervised release that the Court imposed at
2  sentencing." The prior order shall be modified to clarify this fact.
3      As to the remaining aspects of this court's order, the government does not request
4  reexamination.
5      Accordingly,
6      IT IS HEREBY ORDERED, ADJUDGED, and DECREED that the government's motion
7  for reconsideration (ECF No. 811) be, and the same hereby is, GRANTED.
8      IT IS FURTHER ORDERED THAT this court's order granting compassionate release,
9  (ECF No. 809), be, and the same hereby is, AMENDED to reflect the foregoing changes. This
10 amendment shall not affect or reset the existing 14 day stay of the order authorizing defendant's
11 compassionate release.
12     DATED November 2, 2020.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 3 -