# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>STEVEN GRIMM,<br><br>　　　　　Defendant. | Case No.: 2:08-cr-00064-JCM-EJY<br><br>**<u>ORDER</u>** |

Presently before the court is the government's unopposed motion to extend its deadline to file motions regarding forfeiture or to settle this matter. (ECF No. 918). The government represents that defendant does not object to this motion.

The genesis of this matter dates back to a joint status report filed by the parties on January 26, 2018 (ECF No. 690). On July 5, 2017, the Ninth Circuit issued a memorandum order that, in relevant part, reversed the orders of forfeiture as to defendants Steven Grimm and Eve Mazzarella ("Mazzarella"), the latter of whom still has her matter unresolved. (ECF No. 691 at 1).

The parties' joint status report indicated that the parties would resolve the matter as quickly as possible. (ECF No. 690 at 4). However, the government required more time to prepare its motion, as its attorneys who prosecuted the case were no longer with the U.S. attorney's office. (*Id.* at 2).

This is the thirteenth request the government has made to extend the deadline. The original motions/settlement deadline was in August of 2018. (ECF No. 694). The current deadline is November 1, 2023, and the government seeks an extension until May 3, 2024. (ECF No. 918 at 1). In granting the government's twelfth request to extend time, the court pointed out that given

the lengthy history of this matter, it would not grant any further extensions absent a showing of good cause, as the court could not allow the case to continue indefinitely. (ECF No. 905 at 1).

The government states that at the time it requested the last unopposed extension, the parties had agreed to all the stipulated terms, but it awaited Mazzarella and her counsel to analyze the dollar amount determination by the forfeiture financial consultant. (ECF No. 918 at 1). The government claims that "unforeseen events" occurred that prevented the stipulation regarding the terms of the agreement to be signed. (*Id*.).

First, the government represents that counsel for Mazzarella was hospitalized and unavailable for almost three weeks during September of 2023 due to COVID-19, thus preventing the parties from reaching a final resolution. (*Id.*).

Second, Mazzarella recently proposed a new forfeiture amount. (*Id.*). The government states that because it is operating under a continued resolution as to funding, the process to retain the forfeiture financial consultant to analyze Mazzarella's latest analysis of her financial presential will take additional time. (*Id.*).

Finally, the government claims that technological hindrances prevent it from meeting the requisite November deadline. It states it will need time to load the "hundreds of thousands of pages of evidence into a computer program compatible with the court's computer system." (*Id.*). After all evidence is downloaded, the parties will then use the program to reference the facts for their arguments. (*Id.* at 3). This process has not been completed because both parties thought until very recently the case was settling. (*Id.*).

While the court did say it would not grant another extension absent a showing of good cause, it is cognizant of the changing circumstances alluded to by the government. Primarily, the court appreciates that the government submitted this motion more than one week before the actual

deadline as opposed to the last minute, which has become, disconcertingly, a common practice. Additionally, good faith exists because some of these issues are outside the parties' control.

For example, there was no way to predict that counsel for Mazzarella would be hospitalized. More importantly, the court is aware of the continuing resolution as to government funding. Furthermore, this issue may continue into the future, as the current resolution expires on November 17, 2023, and a prolonged shutdown period is possible.

However, asking for a six-month extension is not reasonable. The government states that it has "many tightly scheduled deadlines for district court cases with complex issues that have taken large amounts of time and resources to complete." (*Id.*). Such a statement appears to disregard that the court has a full docket and that each case needs particularized attention. The court cannot continue to extend these deadlines indefinitely. At some point, this protracted prosecution must end.

The court will give the government until March 15, 2024, to file motions regarding forfeiture or to settle this matter. Given that this is the thirteenth extension granted by the court, it will also require the parties to submit a joint status report by January 12, 2024, as to where they stand regarding the forfeiture amount and settlement.

The court emphasizes that this is the final extension absent a motion and showing of good cause, and it will not allow the parties to take advantage of its goodwill.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that the government's unopposed motion to extend time (ECF No. 918) is granted.

IT IS FURTHER ORDERED that the government has until March 15, 2024, to file motions regarding forfeiture or to settle this matter.

IT IS FURTHER ORDERED that the parties shall submit a joint status report by January 12, 2024, as to where they stand regarding the forfeiture amount and settlement.

DATED October 19, 2023.

                                                 UNITED STATES DISTRICT JUDGE