# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:08-CR-064-JCM-EJY |
| Plaintiff, | **Final Order of Forfeiture** |
| v. | |
| EVE E. MAZZARELLA, | |
| Defendant. | |

The United States District Court for the District of Nevada entered Orders of Forfeiture under Fed. R. Crim. P. 32.2(b)(1) and (b)(2); 18 U.S.C. § 982(a)(2)(A); 18 U.S.C. § 981(a)(1)(C) with 28 U.S.C. § 2461(c); and 21 U.S.C. § 853(p), based upon the jury verdict finding Eve E. Mazzarella guilty of the criminal offenses, imposing in personam criminal forfeiture money judgments set forth in the Amended Bill of Particulars and the Forfeiture Allegations of the Superseding Criminal Indictment. Superseding Criminal Indictment, ECF No. 175; Amended Bill of Particulars, ECF No. 222; Minutes of Jury Trial, ECF No. 355; Verdict Form, ECF No. 363; Orders of Forfeiture, ECF Nos. 388, 423.

The Court ordered a criminal forfeiture money judgment of $107,000,000 for count 1; $590,000 for count 2; $268,000 for count 3; $510,000 for count 4; $485,000 for count 5; $520,000 for count 6; $295,000 for count 7; $319,900 for count 8; $419,000 for count 9; $305,000 for count 11; $315,000 for count 12; and $325,000 for count 13. Judgment in a Criminal Case, ECF No. 439; Order of Forfeiture, ECF Nos. 388, 423, 439.

Mazzarella Appealed. The Ninth Circuit upheld all the district court's decisions, including the criminal forfeiture money judgments as to each substantive count but decided the criminal forfeiture money judgment amount of $107,000,000 for the conspiracy violated

the Eighth Amendment. *United States v. Mazzarella*, 693 F. 28 Appx 582 (9th Cir. July 5, 2017). The Ninth Circuit vacated the $107,000,000 criminal forfeiture money judgment and remanded to the district court to reconsider the appropriate forfeiture amount for the conspiracy. *Id*.

Before Mazzarella could be re-sentenced, the Supreme Court made the decision in *Honeycutt v. United States*, 581 U.S. 443 (2017), which required specific tracing for money judgments. To resolve the forfeiture issues, Mazzarella and the United States entered an agreement and signed the Stipulation for Entry of Order of Forfeiture as to Defendant Mazzarella and Order, ECF No. 921, and the Court granted it (Stipulation), ECF No. 922.

As part of the Stipulation, Mazzarella agreed to the forfeiture of the in personam criminal forfeiture money judgment of $6,801,811, and to the forfeiture of the following specific property:

1. $292.69 in United States Currency seized from Bank of Nevada Account Number X2408;
2. $1,095 in United States Currency seized from Bank of Nevada Account Number X8958;
3. $1,257.41 in United States Currency seized from Wells Fargo Bank Account Number X8970;
4. $1,375.78 in United States Currency seized from Wells Fargo Bank Account Number X0577;
5. $15,276.69 in United States Currency seized from Wells Fargo Bank Account Number X9680;
6. $15,098.13 in United States Currency seized from Wells Fargo Bank Account Number X9111;
7. $679 in United States Currency seized from First Republic Bank Account Number X1312;
8. $118.56 in United States Currency seized from Bank of America Account Number X7670;

9. $996.54 in United States Currency seized from Bank of America Account Number X4471;

10. $552.07 in United States Currency seized from Bank of America Account Number X3017;

11. $924.44 in United States Currency seized from Washington Mutual Account Number X6267;

12. $1,900 in United States Currency seized from 1500 Windhaven Circle, Las Vegas, Nevada 89117;

13. $800 in United States Currency seized from 1500 Windhaven Circle, Las Vegas, Nevada 891179; and

14. the 2001 Black Ford F-550, VIN 6522, Nevada License plate 410UXX

(all constituting property).

This Court finds that on the government's motion, the Court may at any time enter an order of forfeiture or amend an existing order of forfeiture to include subsequently located property or substitute property under Fed. R. Crim. P. 32.2(e) and 32.2(b)(2)(C).

The in personam criminal forfeiture money judgment amount of $6,801,811 complies with *United States v. Lo*, 839 F.3d 777 (9th Cir. 2016); *Honeycutt v. United States*, 581 U.S. 443 (2017); *United States v. Thompson*, 990 F.3d 680 (9th Cir. 2021); and *United States v. Prasad*, 18 F.4th 313 (9th Cir. 2021).

This Court finds the United States published the notice of forfeiture in accordance with the law via the official government internet forfeiture site, www.forfeiture.gov, consecutively from February 16, 2024, through March 16, 2024, notifying all potential third parties of their right to petition the Court. Notice of Filing Proof of Publication Exhibits, ECF No. 930-1, p. 5.

This Court finds the United States notified known third parties by regular mail and certified mail return receipt requested of their right to petition the Court. Notice of Filing Service of Process – Mailing (NOFSOP), ECF No. 931.

/ / /

On March 12, 2024, the United States Attorney's Office served Bank of America, c/o CT Corporation System, Registered Agent, by regular and certified return receipt mail with the Stipulation for Entry of Order of Forfeiture as to Defendant Mazzarella and Order and the Notice. NOFSOP, ECF No. 931-1, p. 3, 8-11, 20-28, 30-32.

On March 12, 2024, the United States Attorney's Office served Bank of America by regular and certified return receipt mail with the Stipulation for Entry of Order of Forfeiture as to Defendant Mazzarella and Order and the Notice. NOFSOP, ECF No. 931-1, p. 3, 8-11, 20-28, 33-35.

On March 12, 2024, the United States Attorney's Office served CitiBank, c/o Secretary of State, Registered Agent, by regular and certified return receipt mail with the Stipulation for Entry of Order of Forfeiture as to Defendant Mazzarella and Order and the Notice. NOFSOP, ECF No. 931-1, p. 3, 8-11, 20-28, 36-38.

On March 12, 2024, the United States Attorney's Office served CitiBank, N.A., by regular and certified return receipt mail with the Stipulation for Entry of Order of Forfeiture as to Defendant Mazzarella and Order and the Notice. NOFSOP, ECF No. 931-1, p. 3, 8-11, 20-28, 39-41.

On March 12, 2024, the United States Attorney's Office served FDIC as Trustee for AmTrust Bank, c/o Harrel M. Pettway, General Counsel, by regular and certified return receipt mail with the Stipulation for Entry of Order of Forfeiture as to Defendant Mazzarella and Order and the Notice. NOFSOP, ECF No. 931-1, p. 3, 8-11, 20-28, 42-44.

On March 12, 2024, the United States Attorney's Office served FDIC as Trustee for AmTrust Bank, FDIC Restitution Payments, by regular and certified return receipt mail with the Stipulation for Entry of Order of Forfeiture as to Defendant Mazzarella and Order and the Notice. NOFSOP, ECF No. 931-1, p. 4, 8-11, 20-28, 45-47.

On March 12, 2024, the United States Attorney's Office served FDIC as Trustee for IndyMac, c/o Harrel M. Pettway, General Counsel, by regular and certified return receipt mail with the Stipulation for Entry of Order of Forfeiture as to Defendant Mazzarella and Order and the Notice. NOFSOP, ECF No. 931-1, p. 4, 8-11, 20-28, 48-50.

On March 12, 2024, the United States Attorney's Office served FDIC as Trustee for IndyMac, FDIC Restitution Payments, by regular and certified return receipt mail with the Stipulation for Entry of Order of Forfeiture as to Defendant Mazzarella and Order and the Notice. NOFSOP, ECF No. 931-1, p. 4, 8-11, 20-28, 51-53.

On March 12, 2024, the United States Attorney's Office served First Horizon Bank, c/o Clyde A. Billings, Jr., Office of the Corporate Secretary, by regular and certified return receipt mail with the Stipulation for Entry of Order of Forfeiture as to Defendant Mazzarella and Order and the Notice. NOFSOP, ECF No. 931-1, p. 4, 8-11, 20-28, 54-57.

On March 12, 2024, the United States Attorney's Office served First Horizon Home Loans by regular and certified return receipt mail with the Stipulation for Entry of Order of Forfeiture as to Defendant Mazzarella and Order and the Notice. NOFSOP, ECF No. 931-1, p. 4, 8-11, 20-28, 58-61.

On March 12, 2024, the United States Attorney's Office served Capital One Financial Corp., c/o Corporation Service Company, Registered Agent, by regular and certified return receipt mail with the Stipulation for Entry of Order of Forfeiture as to Defendant Mazzarella and Order and the Notice. NOFSOP, ECF No. 931-1, p. 4, 8-11, 20-28, 62-64.

On March 12, 2024, the United States Attorney's Office served Capital One Financial Corp. by regular and certified return receipt mail with the Stipulation for Entry of Order of Forfeiture as to Defendant Mazzarella and Order and the Notice. NOFSOP, ECF No. 931-1, p. 5, 8-11, 20-28, 65-67.

On March 12, 2024, the United States Attorney's Office served JP Morgan Chase, c/o CT Corporation System, Registered Agent, by regular and certified return receipt mail with the Stipulation for Entry of Order of Forfeiture as to Defendant Mazzarella and Order and the Notice. NOFSOP, ECF No. 931-1, p. 5, 8-11, 20-28, 68-70.

On March 12, 2024, the United States Attorney's Office served JP Morgan Chase by regular and certified return receipt mail with the Stipulation for Entry of Order of Forfeiture

/ / /

Case 2:08-cr-00064-JCM-EJY    Document 937    Filed 05/01/24    Page 6 of 9

as to Defendant Mazzarella and Order and the Notice. NOFSOP, ECF No. 931-1, p. 5, 8-11, 20-28, 71-74.

On March 12, 2024, the United States Attorney's Office served Nomura Credit & Capital, Inc., c/o Corporation Service Company, by regular and certified return receipt mail with the Stipulation for Entry of Order of Forfeiture as to Defendant Mazzarella and Order and the Notice. NOFSOP, ECF No. 931-1, p. 5, 8-11, 20-28, 75-77.

On March 12, 2024, the United States Attorney's Office served and attempted to serve Nomura Credit Capital, Inc. by regular and certified return receipt mail with the Stipulation for Entry of Order of Forfeiture as to Defendant Mazzarella and Order and the Notice. The certified mail was returned as unknown. The regular mail was not returned. NOFSOP, ECF No. 931-1, p. 5, 8-11, 20-28, 78-82.

On March 28, 2024, the United States Attorney's Office served Terwin Advisors, LLC dba the Winter Group, c/o Registered Agent Solutions, Inc., by regular and certified return receipt mail with the Stipulation for Entry of Order of Forfeiture as to Defendant Mazzarella and Order and the Notice. NOFSOP, ECF No. 931-1, p. 5, 8-11, 20-28, 83-85.

On March 12, 2024, the United States Attorney's Office attempted to serve Terwin Advisors, LLC dba the Winter Group, at zip code 10020 by regular and certified return receipt mail with the Stipulation for Entry of Order of Forfeiture as to Defendant Mazzarella and Order and the Notice. Both mailings were returned as not deliverable as addressed. NOFSOP, ECF No. 931-1, p. 5-6, 8-11, 20-28, 86-90.

On March 12, 2024, the United States Attorney's Office attempted to serve Terwin Advisors, LLC dba the Winter Group, at zip code 10111 by regular and certified return receipt mail with the Stipulation for Entry of Order of Forfeiture as to Defendant Mazzarella and Order and the Notice. The certified mail was returned as forward expired. The regular mail was returned as not deliverable as addressed. NOFSOP, ECF No. 931-1, p. 6, 8-11, 20-28, 91-96.

On March 12, 2024, the United States Attorney's Office served Wells Fargo Bank, N.A., c/o Corporation Service Company, Registered Agent, by regular and certified return

6

receipt mail with the Stipulation for Entry of Order of Forfeiture as to Defendant Mazzarella and Order and the Notice. NOFSOP, ECF No. 931-1, p. 6, 8-11, 20-28, 97-99.

On March 12, 2024, the United States Attorney's Office served Wells Fargo Bank, N.A., dba America's Servicing Company, by regular and certified return receipt mail with the Stipulation for Entry of Order of Forfeiture as to Defendant Mazzarella and Order and the Notice. NOFSOP, ECF No. 931-1, p. 6, 8-11, 20-28, 100-102.

This Court finds no petition was filed herein by or on behalf of any person or entity and the time for filing such petitions and claims has expired.

This Court finds no petitions are pending regarding the property named herein and the time has expired for presenting such petitions.

THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that all possessory rights, ownership rights, and all rights, titles, and interests in the property hereinafter described are condemned, forfeited, and vested in the United States:

1. $292.69 in United States Currency seized from Bank of Nevada Account Number X2408;
2. $1,095 in United States Currency seized from Bank of Nevada Account Number X8958;
3. $1,257.41 in United States Currency seized from Wells Fargo Bank Account Number X8970;
4. $1,375.78 in United States Currency seized from Wells Fargo Bank Account Number X0577;
5. $15,276.69 in United States Currency seized from Wells Fargo Bank Account Number X9680;
6. $15,098.13 in United States Currency seized from Wells Fargo Bank Account Number X9111;
7. $679 in United States Currency seized from First Republic Bank Account Number X1312;

/ / /

8. $118.56 in United States Currency seized from Bank of America Account Number X7670;

9. $996.54 in United States Currency seized from Bank of America Account Number X4471;

10. $552.07 in United States Currency seized from Bank of America Account Number X3017;

11. $924.44 in United States Currency seized from Washington Mutual Account Number X6267;

12. $1,900 in United States Currency seized from 1500 Windhaven Circle, Las Vegas, Nevada 89117;

13. $800 in United States Currency seized from 1500 Windhaven Circle, Las Vegas, Nevada 891179; and

14. the 2001 Black Ford F-550, VIN 6522, Nevada License plate 410UXX; and

that the United States recover from Eve E. Mazzarella the in personam criminal forfeiture money judgment of $6,801,881, not to be held jointly and severally liable with any codefendants, and that the property will not be applied toward the payment of the money judgment; and

the forfeiture of the money judgment and the property is imposed under Fed. R. Crim. P. 32.2(b)(4)(A) and (b)(4)(B); Fed. R. Crim. P. 32.2(c)(2); 18 U.S.C. § 981(a)(1)(C) with 28 U.S.C. § 2461(c); 18 U.S.C. § 982(a)(2)(A); 21 U.S.C. § 853(p); and 21 U.S.C. § 853(n)(7); that the money judgment shall be collected; and that the property and the collected amount shall be disposed of according to law and the Stipulation.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that under Fed. R. Crim. P. 32.2(c) and 21 U.S.C. § 853(n)(7), all possessory rights, ownership rights, and all rights, titles, and interests in the real property are extinguished and are not recognized for Eve E. Mazzarella, Steven W. Grimm, all third parties, and the following entities:

1. Bank of America;
2. CitiBank;

3. FDIC as Trustee for AmTrust Bank;

4. FDIC as Trustee for IndyMac;

5. First Horizon Bank;

6. First Horizon Home Loans;

7. Capital One Financial Corp.;

8. JP Morgan Chase;

9. Nomura Credit & Capital, Inc.;

10. Terwin Advisors; and

11. Wells Fargo Bank.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that any and all forfeited funds, including but not limited to, currency, currency equivalents, certificates of deposit, as well as any income derived as a result of the government's management of any property forfeited herein, and the proceeds from the sale of any forfeited property shall be disposed of according to law and the Stipulation.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Clerk send copies of this Order to all counsel of record and three certified copies to the United States Attorney's Office, Attention Asset Forfeiture Unit.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Order is entered nunc pro tunc to March 23, 2012.

DATED May 1, 2024.

_____
JAMES C. MAHAN
UNITED STATES DISTRICT JUDGE